May it please the Court, Daniel Peterson, for the City of Charlotte, the appellant in this case. This appeal before the Court today, of course, involves whether an appellee is a prevailing party under 42 U.S.C. section 1988, where the consent judgment dismisses the claims at bar with prejudice and requires both parties to take action as a result of its order. The consent judgment, which is contained in the Joint Appendix at 528 to 531, from which the award fee appealed from arises, is at best for the appellee a legal draw. The appellee is not entitled to the prevailing party status simply because a consent judgment was used, a sort of per se argument. The Court in Buckhannon, for instance, referenced consent decrees may, certainly. The District Court listed some of the benefits that the plaintiffs achieved through the consent order. Do you agree with those benefits? I do agree that the plaintiffs did, as a matter of compromise in the context of the greater litigation, reap a limited benefit in that they can make... Several benefits. The Court listed several. It wasn't just one thing. I mean, it's a citation practice, what they can do, where they can physically go. They can apparently violate the earlier interpretation of the statute. The statute wasn't changed, we know, but the Court listed those things, and if they received those benefits, that was the reason the Court said that they prevailed, at least to a limited extent. And, of course, its award reflects its view about the limited extent because it reduced the award substantially. But that's the question, that is, whether the District Court was wrong in identifying those benefits. Your Honor, I don't believe that the District Court was wrong in identifying and itemizing the benefits that were gained in the consent judgment. However, I think it's important in this case, because this case doesn't have a neat fit within our case law, to look at what the plaintiff was ordered to do as antecedent to obligating the defendant, the city, at all, Your Honor. And that is, one, they were ordered by the District Court to approach a vehicle standing on the sidewalk or curb, not to enter the relevant street or the clinic driveway to begin the approach once some of the various safety concerns that were cited in the record by various Charlotte-Mecklenburg Police Department officials occurred, which… Counsel, I understand that, and I think, yeah, that's fair, I mean, one could debate whether that was necessarily contested, but, you know, and I think you're right that this doesn't fit perfectly with any of the Supreme Court or Fourth Circuit cases. But, you know, a recent, I don't know if it's a G or G case, but, you know, it lists four items and, you know, judgment, consent decree, or similar order, we got a consent decree, and grant some relief on the merits, that's probably where you're going to focus. I think the other three and four are met, and so it seems to me we're looking at does this grant some relief on the merits? Now, it doesn't say the court doesn't find, you know, you prevail on a claim in that sense, but the Supreme Court's told us that's not necessary. So it seems, doesn't some relief on the merits include at least the ability to do something that, as you applied your ordinance before, they weren't able to do? Isn't that some relief on the merits? Your Honor, I think that where that distinction arises is what was asked for in the amended complaint versus what ends up in the consent judgment. The plaintiffs, the appellees, would not have been ordered had they played this out through the trial process or even won summary judgment on their behalf, been ordered to take these steps that are, again, antecedent to the defendant having to do something. But one of the things they sought was an as-applied challenge to the ordinance, and why isn't the ability to do the vehicle approaches effectively a result that they could have obtained under that claim? If I understand the court's question, please correct me, obviously, if I'm wrong. At best, it is kind of a technical result, as the Texas State Teachers Association case from 1989 in the Supreme Court commented on, that there may have been one slight modification to the state actor's conduct, but that at the end of the day, particularly given the various and sundry claims and requests for relief, and I think it is important, though, that the antecedent conduct has to take place by the plaintiffs before the city has to do anything, and I won't beat that drum too much further. I know I've said that a couple times, but I think that's the distinction here. Is there a case that talks about antecedent restrictions? I mean, you have a case that says when you have those, that somehow negates the benefits? Candidly, Your Honor, I do not. No, the Supreme Court's decision in Mayer v. Gagne is pretty close to your case. The court says fees may be assessed against state officials after a case has been settled by entry of a consent decree without any determination that the planned constitutional rights have been violated, and so the only question is whether there are some benefits, and if you look at the complaint in this case, the complaint is filled with incidents that they think didn't violate the statute and that you were enforcing against the statute and they were concluding that it was being enforced too broadly, and the consent decree mitigated that. Your Honor, I agree that that is very close to our facts. And of course, Buck Cannon cited Mayer with approval and repeated the very same language that you don't need to have a determination of the rights at all, you just have to have a consent decree and provide some of the benefits. And if I may, Your Honor, I think the slight but I think imperative distinction here is for one thing, the consent judgment actually goes out of its way to dismiss all the claims without, for example, retaining jurisdiction over the matter. So it enters, and as the court knows often and usually, and I know this isn't often or with prejudice, is an adjudication on the merits for the defendant, which is, seems to be a large part of the appellee's argument and reliance on the CRST case from 2016, which we contend have completely different, it memorializes the competing goals of the parties in that the defendants. Mr. Peterson, can I ask a question? So getting back to this issue of whether the plaintiff's actually prevailed on the merits. So I guess you have to start with the ordinance itself, right, that reads fairly broadly, at least it did when it was being applied before the consent judgment was entered, that prevented the petitioners or the plaintiffs from disrupting, blocking, obstructing or obstructing vehicular traffic or the free passage of pedestrian or vehicular traffic. And I'm not going to read the whole thing, but it's essentially pretty, pretty restrictive. And then you have to look at its application. And of course, in the context of abortion protest, regrettably, things tend to get heated. And so there appeared to be a history of demonstrators getting engaging with each other, which ultimately led the police to set up physical barricades to prevent the demonstrators from getting at each other. And so in that context, I mean, why isn't the sort of the change in legal posture that occurred here at least sufficient for the district court to have found that the plaintiffs were a prevailing party? And second, I'll ask this now so you can respond. Are you, it seems like you haven't really talked about this disclaimer that appears in the consent judgment that the district court is not making any finding on the merits. Is that no longer part of your argument? Are you conceding that that language by itself doesn't really mean anything? I think given the, I'll address the second question first, so I make sure and I'll retrace my steps, Your Honor, if that's okay. As Judge Niemeyer referenced, and as your question imports, that I do think that while it may, I'm always hesitant to tell a district court judge that any line in an order is meaningless, if you will. But on the other hand, I do think that the case law kind of treats that as a reserving of the right to address that, frankly. I think where my argument really lies in is that the dismissal of these claims with prejudice and no finding, no finding of legal culpability as in the Farrar case or in the, it's not cited in the briefing, but I'm familiar with the Ray Zodden versus Montgomery County case where there actually was an acknowledgment by the court of a constitutional wrong. And I think that's the distinction here, a constitutional violation, a legal injury, and that in the Farrar case, you have the nominal damages acknowledging that. In this case, we don't have that. In fact, we go— Paragraph 150 of the complaint and several paragraphs thereafter, they say, since August 2018, officers of the police department have instructed Mr. Parks and others associated with Cities for Life that they may not provide materials to persons in vehicles entering or exiting the abortion clinic on Latrobe Drive, even if those persons stop and ask for materials. And then it goes on and gives details, about three or four details about those things. And the consent decree now authorizes, and they were charged, and that's the allegations which are part of the relief that they're trying to avoid. And the consent decree now authorizes them to give to persons who stop and ask for the materials. And so I would think that's pretty substantively a change. It's in a minor part of the complaint, because the whole complaint dealt a lot with First Amendment, but this was Section 19-303 of the charter. And that's all that's addressed in the consent decree. Yes, Your Honor. And I think, again, where we come down on is with the court, by agreement of the parties entering that consent judgment, allowing that, again, limited, but nonetheless allowing that take place, that doesn't predicate a constitutional violation. No, but the Supreme Court said you don't have to. They've said it twice, maybe three times, and they said the consent decree does not have to go that far. Yes, Your Honor, and I think that's where I am reliant, frankly, on the dismissal of the claims in the consent judgment. Let's talk about that just for a little bit. And I think Judge Diaz had his first question, and I know I want you to get back to that. So, why don't you do that first, and then I'll ask you about it without prejudice, so I don't jump ahead. Thank you, Judge Caldwell. Yeah, yeah. And if I understood, Your Honor, Judge Diaz's question, it was relating to the application of the picketing ordinance. I'm sorry, I've lost the plot. That's okay, and I think you actually answered it when Judge Niemeyer pointed you to sections of the complaint where there were all these restrictions that effectively went away as a result of the settlement and the consent judgment. So, you can go on to Judge Guadalbano's question. Thank you, Your Honor. So, this issue of the dismissal with prejudice, I mean, I get that, but isn't that, I don't know, I haven't, I'll confess I didn't really dig into that before, but isn't that a, you know, in a consent decree that ends the case, what you had a bunch of claims, you reach some sort of, you know, sometimes it can be a finding, but oftentimes it is a settlement, and each side can have some obligations, and it ends the case so that anything else relates to enforcement of the order rather than going back to ground one and starting the litigation over again. So, I'm just, I guess I'm having trouble understanding why the dismissal of the case, even with prejudice, cuts one way or the other on prevailing when you have an order that replaces allegations. Thank you, Your Honor. I think the, looking at the context of when the dismissals, the voluntary dismissals came before, and the plaintiff did not, in the stipulation of dismissal, dismiss various claims towards the end of the Second Amendment complaint, and then to address the court's question directly, I think, I would posit that it's just as easily or probable of a being dismissed by virtue of the fact that it is, no one is contending that it's not a final judgment in the case, or entered a limited judgment in favor of the plaintiff, again, acknowledging the technical legal injury. That would be the distinction, I think, in the broader context of the record, Your Honor, that I would make there. And I would point out, too, that I think that, and I've seen my time has expired, I'm glad to reserve and allow my colleague to go ahead. You do have some rebuttal. Thank you, Your Honor. Thank you. Crampton. Good morning. May it please the court, Steve Crampton on behalf of the Plaintiff's Cities for Life and others. I would just note for the record that my co-counsel, Tyler Brooks, intended to be here today, but he tested positive for COVID yesterday. So I hope he's listening in and feeling well. Your Honors, Cities for Life is indeed a prevailing party under this consent judgment because it obtained a judicially sanctioned, enforceable judgment that materially altered the legal relationship between the parties. That is the test that His Honors have alluded to that has been crystallized in the likes of the Buchanan case and in numerous Supreme Court cases, as well as Fourth Circuit precedent. Moreover, I think there is a maybe fundamental misunderstanding or disconnect between the our position with respect to how significant the consent judgment's content really is. This was not a judgment on some collateral issue, Your Honors. This was the central issue of Cities for Life's claims regarding the picketing ordinance. And by way of background, I know you're familiar with the record, but for clarity's sake, counsel referred to a settlement agreement that had been reached by the parties back  Pursuant to that agreement, we settled numerous claims regarding the sign ordinance. And it was relatively late in the litigation, which led to the second amended complaint being filed, that the city began enforcing this picketing ordinance in a manner that resulted in a total ban on vehicle approaches. And just a footnote regarding that settlement agreement, Your Honors, there is in paragraph three of the settlement agreement a particular explicit paragraph addressing release and discharge in which the issue of attorney's fees was directly and explicitly set forth. By contrast, of course, the consent judgment says it makes no finding regarding prevailing party, no finding regarding liability on the merits. But as counsel, I think, conceded here at argument, that simply moved the question down, if you will, in the timeline. And consequently, when Cities for Life filed its motion at that point, the court was, of course, obliged to analyze the issue. Counsel, let me just explore a couple of things that aren't in this case. We got to decide this in a way that not just resolves this case, but other cases. So with respect to the sign ordinance, there was a motion for an injunction.  That was, I think, denied. Yes, sir. And I know that doesn't have anything to do with this now. But hypothetically, assume you had moved for an injunction on the picketing ordinance and it had been denied. So you have an element of an injunction about likelihood of success on the merits. Yes, sir. And the court denies that. And then you reach this compromise, similar to what you have here. Is that a different case? Or is that a different result or the same result? I'm not sure that His Honor's hypothetical includes a determination on the preliminary injunction. Were you— The court says I deny the motion for a preliminary injunction. So I found no likelihood of success on the merits. But then the parties reach an agreement that has the same benefits you seek here. What's the answer there? I would suggest, Your Honor, that the answer to that question would be no. We would still analyze the consent judgment that granted concrete relief, as His Honors have recognized. In fact, if I may go to a quote from the Le Femini case—I'm not sure I'm pronouncing that correctly—that was actually decided by the U.S. Supreme Court. Go ahead, yeah. But was an appeal from this court, in which this court held that there was no prevailing party status achieved. And the—I'm sorry, I'm trying to find my gears—because it didn't actually benefit, provide that material alteration of the legal relationship between the parties. The U.S. Supreme Court reversed and states at page 5, quote, contrary to the Fourth Circuit's view, that ruling worked the requisite material alteration in the party's relationship. Before the ruling, the police intended to stop Le Femini from protesting with his signs. After the ruling, the police could not prevent him from demonstrating in that manner. That's precisely the sort of change in material relationship that we have here. Before the consent judgment, plaintiffs were totally prohibited from entering the roadway absent of incurring a citation or the like. After the consent judgment. I appreciate that. So your point would be you look to the consent judgment and the relief regardless of what happened before, and that's what you look at. Yes. And I would also offer, Your Honor, the case of Smith v. Rivero—and there are several others in this category as well, the names of which escape me now—but where, in fact, the parties obtained a preliminary injunction, but they didn't obtain permanent relief. Consent judgment obviously constitutes permanent relief at the end of the lawsuit, as the discussion earlier concerning dismissal of the remaining claims attests. Let me, kind of on the other end of the spectrum, you make the point about a material alteration of the legal relationship. And I appreciate your argument that that's achieved here. Does that—is that the concept that would, you know, maybe be a limiting principle on de minimis relief or something that, you know, you do reach an agreement, but it's relatively inconsequential? I think absolutely, Your Honor. That's how we—because, you know, in the real world, people get consent decrees more that are very much settlement-type resolutions. And it could be almost a nuisance sort of resolution with some affirmative obligation. Would that—would the material alteration be the thing that would keep that from being a prevailing party? I would suggest it should operate in that fashion. I do not have a case to cite. I would, however, offer this caution as well, Your Honor. In the damages context, as we well know under the Farrar case, $1 nominal damages, even when you're seeking $17 million in your ad damnum clause, still constitutes technically a prevailing party. So with that caveat, I do believe that the inclusion of the modifier material to the alteration of the relationship of the parties is a key to weeding out, so to speak, consent judgments that, in fact, deal with extraneous matters. And again, I would remind the Court that this, as Mr. Parks, the leader of Cities for Life at the time, testified, this was the most important component in the ministry of Cities for Life. It is, as the U.S. Supreme Court recognized in the McClellan v. Coakley case, the one-on-one conversations in the context of a pretty heated, very short timeframe kind of interaction outside an abortion clinic is crucial to the First Amendment rights both of those who, like Mr. Parks, have a message to share as well as those in the vehicles that actually have a right to receive that information. So we have not only the leafletting but also the oral conversation at issue, which is, of course, core First Amendment conduct. And in that sense, again, I think the City fundamentally misunderstands the significance of the consent judgment insofar as its vindication of those First Amendment rights. Yes, it did not explicitly state that Cities for Life was a prevailing party. Yes, it did not explicitly state that the City was liable. But as the district court pointed out, quoting the Mayor v. Gagne case from the U.S. Supreme Court, it is customary— I don't understand your last statement. You said the district court didn't say they're a prevailing party? No, it did not, in the consent judgment, address prevailing party. Does that make any difference? I mean, the court issued an order and said they're the prevailing party. And the court was interpreting it in its own order. Absolutely right. And I think that that was obviously correct. And we stand with that. What I'm addressing, Your Honor, is the City's contention that somehow there's significance in the fact that the consent judgment itself was silent on the issue of prevailing party. Well, it seems to me that a prevailing party is somebody who, I mean, the common sense words, who prevails on the claim for relief in some material manner. And the Supreme Court, I think, Judge Quattlebaum is centered on what the Supreme Court, I think, is interested in, a material alteration in the relationship. And so the question is, is this a material alteration in the relationship? Your colleague says it's a draw. Correct. And you say it's a material thing. And that seems to me the centerpiece of whether the prevailing party in this case. Absolutely, Your Honor. And again, I think the case law makes very clear what you just articulated. Any material alteration on any issue constitutes grounds for finding a prevailing party. It's precisely what we have here. The fact that Cities for Life was willing to forego, for example, the District Court chastised us for not obtaining declaratory relief. Ultimately, as the District Court noted, we have an effective injunction against the City's application of this overbroad total ban on approaches to vehicles. That is enormously significant in the world of Cities for Life. Whether those other issues were dismissed or not is maybe a prudential concern. And I think, in fact, it was here. But as the earlier discussion with opposing counsel noted, there are several conditions now imposed on the City. One, plaintiff can approach, albeit under some conditions. Two, the City must leave open some space between those barricades that it has employed periodically to separate the parties. Three, if a plaintiff or its volunteer approaches and somehow missteps, so to speak, under these rules, the City doesn't immediately pounce and issue a citation. Instead, it must issue a warning, sort of like in the trespass context. You have a one-bite kind of rule, or two bites, really, because you get a warning. And fourth, and very significantly, because it's a consent judgment with the judicial imprimatur of the District Court, the plaintiff may enforce any violation of that consent judgment by a contempt motion, rather than having to start from scratch with a brand new lawsuit. Those are significant points which I think the City, frankly, has no answer for. It is absolutely fundamental that we went from, in the City's own brief, no approaches whatsoever, to approaches, albeit under conditions. And those so-called safety conditions are, as I would say, immaterial in the analysis of whether we are, in fact, prevailing parties. Now, briefly, and with some trepidation, allow me to turn to the issue of the City's For Life asking this Court to revisit the Court's finding on the amount of fees and the reduction by a flat 75 percent across the board reduction of fees. You know, there's a problem with that. Yes, Your Honor. Procedural problem. Serious. Yes, there is. It seems to me that anything you advance below for your position for the District Court, you can review, even if the District Court didn't address it. But if you're seeking to change the judgment, then you need to file a cross-appeal. And the procedures are you have to file a filing statement, and you have to file a cross-appeal, and the filing statement has requirements in it, and you are seeking to change the judgment. The judgment here was for, what, some $33,000, whatever it is in costs, and you want more. And I think that's as clear as a bell for a requirement of a cross-appeal. The rules even address cross-appeals, but it's a little—our local rule requires you to file a filing statement if you're going to file a cross-appeal. And the traditional distinction is when you're seeking to change the judgment. Understood, Your Honor. And I would point out only that, A, the Fourth Circuit has made it clear, in the likes of Tugraven and other cases, that that requirement for filing a cross-appeal, where this Court has already obtained jurisdiction by virtue of the appeal by the opposing party, is not jurisdictional. It is a rule of practice. Yes, of course it is. And then, as you've pointed out, when there's a big injustice, we've stepped in, and that's a discretion of our Court. But I think, aside from the notion that there was a big miscarriage of justice, it's a hard row for you to hoe. No, I appreciate that, Your Honor. I would, at the risk of maybe belaboring the point, raise for the Court's consideration one Fourth Circuit precedent that we did not cite in our brief. And it's Brodziak v. Runyon, 145 F. 3rd, 194, Fourth Circuit, 1998. And in that case, the District Court had reduced by 60 percent across the board the fee request, based on the plaintiff, in the District Court's view, prevailing on only 40 percent of his claims. Very much like what the District Court here did. This Court reversed that determination, finding it clearly wrong, even under the abusive discretion standard, because the U.S. Supreme Court, in the Hensley v. Eckerhart case, made it clear that the determination on fees cannot be made purely on a mathematical comparison. This reasoning contravenes the principle set forth in Hensley that awards of fees and costs should not be based simply on the ratio of claims raised to claims prevailed upon. We would suggest that, after some months of cogitating on it, that that appears to be what the District Court did here. Now, Mr. Crampton, just to be clear, because you didn't cite the case in your brief, I don't think you're suggesting this, but was that a case that the It was not, Your Honor. It was not. Okay. So you're still stuck with this jurisdictional problem, right? Yes, sir, we are. All right. Thank you. If there are no further questions, we would urge the Court to affirm the finding of the District Court as to prevailing party status, and we would ask that the Court consider making an exception with respect to the 75 percent deduction. Thank you, Your Honor. Thank you, Mr. Crampton. Mr. Peterson. Just briefly, Your Honor, in rebuttal, one statement that was made by my colleague opposite struck me that the plaintiffs can now enforce the consent judgment as to the city, and I think I cannot argue with that. However, I think it's worth, to my earlier point of a legal draw, so can the city now enforce the judgment as to the plaintiff. And again— What part? In other words, you've got the statute still in place, and so you can enforce the statute so long as you don't compromise the exceptions made in the settlement and the consent decree. But why would you ever go to the consent decree to enforce something? You would have to always go to the charter—I mean, the city ordinance, wouldn't you? I think we could, and perhaps in most cases should, but as with respect to the plaintiffs entering into an agreement, this agreement with the city— But what provision of the consent decree? I've read the consent decree, and it didn't seem to me that there were rights being granted to you that would be enforceable beyond what you already have under the statute. Your Honor, I think the fact that they—it very clearly sets out the safety issues that were testified by the various police captains and majors on the scene, particularly in the context of these barricades, now that we have to obviously put a break in the barricades to allow for the approach, Your Honor. However, I think that the fact that we have in a judgment the ability to hold plaintiffs to account under the contempt powers of the court, just as, for example, the plaintiff could restart the—you know, file a lawsuit against us, they will always have the, you know, Section 1983 as well. But what if—I mean, assuming you're right there, why isn't that kind of baked into the you know, the reduced fee award? I mean, you know, assume, you know, there is some element of give and take. I mean, Judge Nemar makes a good point. It may not—that may be debatable. But even if you're—even if you're right to some extent, if the plaintiff achieves some meaningful part of relief and as part of a consent decree that gives the city something too, why isn't that just, you know, baked into a reduced fee award? And I think it's in addition—one of the—in addition to or alternative situations, Your Honor, I wouldn't disagree with the court that that is baked into the court's analysis. I would just posit that the fact that there's a legal—change in the legal relationship, notwithstanding, Your Honor's well-taken concerns about whether we would just able to apply the ordinance authority or go back to the court on some of these safety concerns, if you will, that the—that we also experienced a—what we contend is a positive change in the legal relationship between the parties. Again, going back to my original point at the top of my argument, that this was at best for the plaintiff a legal draw. We do think we would be able to use the— You also got rid of a lot of litigation and saved a lot of fees. Indeed, Your Honor. I have no disagreement on that. Thank you, sir. And that's all of my arguments. Well, thank you very much. This was actually an interesting matter. You want to take a— Judge Diaz, are you okay to go on to the third case? I am, if you are. Okay. We normally come down and greet counsel. Judge Diaz wouldn't be here, but I'd shake hands for him with my left hand and yours with my right hand. And thank you for your arguments. It's a tradition of our court that we're not giving up, but we're still following the COVID protocols right at this point. So next time you come, I hope we can greet each other more personally. But thank you for your arguments. We'll proceed on to the next case. Thank you.
judges: Paul V. Niemeyer, Albert Diaz, A. Marvin Quattlebaum Jr.